**Chrisler DAJUSTE, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES of America, Respondent.**

No. 12–2445.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 1, 2013.

Opinion filed: June 4, 2013.

Chrisler Dajuste, pro se.

Jacob A. Bashyrov, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Gary J. Newkirk, Esq., Jason Wisecup, Esq., United States Department of Justice, Washington, DC, for Respondent.

Before: AMBRO, HARDIMAN and ROTH, Circuit Judges.

OPINION

PER CURIAM.

Chrisler Dajuste petitions for review of a final order of removal. For the following reasons, we will grant the Government's motion to dismiss the petition for lack of jurisdiction.

Dajuste, a native and citizen of Haiti, was admitted to the United States in 1999 on an immigrant visa. In 2008, he pleaded guilty in a Pennsylvania state court to possession with intent to deliver cocaine. Dajuste was subsequently charged as removable for having committed an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). An Immigration Judge ("IJ") found him removable as charged in 2009. In response to an allegation of ineffective assistance of counsel, the proceedings were reopened in 2011 and Dajuste applied for asylum and related relief. He claimed that he had been harmed by the Tonton Macoutes before leaving Haiti in 1999 and that he feared he would be imprisoned and tortured on account of his past political activity if he returned to Haiti.

Because Dajuste's conviction was for a drug trafficking offense and a "particularly serious crime," the IJ concluded that he was ineligible for asylum and withholding of removal. The IJ denied the only relief available to Dajuste, deferral of removal under the Convention Against Torture, on the basis of lack of credibility. The BIA upheld the IJ's decision. In addition, the BIA rejected a claim of ineffective assistance of counsel raised on appeal because Dajuste had failed to satisfy procedural prerequisites. The BIA also rejected a claim that Dajuste's due process rights were violated by the IJ's unspecified abuse of discretion, concluding that there was no abuse of discretion and that Dajuste was afforded a full and fair hearing. This petition for review followed.

Although we generally lack jurisdiction to review final orders of removal issued against aliens who, like Dajuste, are removable for having been convicted of an aggravated felony, *see* 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to

review constitutional claims or questions of law, *see id.* at § 1252(a)(2)(D). Our jurisdiction in this regard is limited to colorable claims. *See Pareja v. Att'y Gen.,* 615 F.3d 180, 186 (3d Cir.2010). Although a claim need not ultimately be meritorious to be deemed colorable, "a party may not dress up a claim with legal clothing to invoke this Court's jurisdiction." *Id.* at 187.

In this case, Dajuste has not presented any colorable constitutional or legal claims. Although he mentions due process and the alleged failure to apply the correct law, most of his claims are essentially challenges to the IJ's findings regarding credibility, the lack of corroborating evidence, and the weight of the evidence. These are factual determinations. *See, e.g., Jarbough v. Att'y Gen.,* 483 F.3d 184, 189–90 (3d Cir.2007); *Jishiashvili v. Att'y Gen.,* 402 F.3d 386, 392 (3d Cir.2005). To the extent that Dajuste claims that his counsel was ineffective when he asserts that the proceedings were "tainted" by counsel, this unsupported accusation is not a colorable claim because it amounts to nothing more than a "bald-faced allegation[ ]." *See United States v. Voigt,* 89 F.3d 1050, 1067 (3d Cir.1996). Finally, to the extent that Dajuste makes a due process claim by complaining about the fact that the IJ questioned him at his hearing, the claim is not colorable. Dajuste does not identify what, if anything, was improper about the questioning. This insubstantial and frivolous claim does not provide a basis for jurisdiction. *See Pareja,* 615 F.3d at 187.

In sum, because Dajuste has failed to raise any colorable constitutional or legal claims, we lack jurisdiction over his petition for review. Accordingly, we grant the Government's motion and will dismiss the petition.